**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

ELI MAHFOUD,

      *Plaintiff*

      v.

SHRI GANESH TRADING, INC.,
FIESTA FOOD MARKET, INC.,
ASIM C. ROY

      Defendants.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, ELI MAHFOUD ("ELI" or "Plaintiff") pursuant to 29 U.S.C. § 216(b) hereby files this Complaint for Damages and Demand for Jury Trial against Defendants, SHRI GANESH TRADING, INC. ("GANESH TRADING"), FIESTA FOOD MARKET INC. ("FIESTA FOOD MARKET"), and ASIM C. ROY ("ASIM") (GANESH TRADING, FIESTA FOOD MARKET and ASIM collectively referred to hereafter as "Defendants") and alleges the following:

## INTRODUCTION

1. Defendants have unlawfully deprived Plaintiff of overtime compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201–216, to recover all overtime wages that Defendants refused to pay Plaintiff during the past three (3) years.

## PARTIES

2. During all times material hereto, Plaintiff resided in Broward County, Florida, were the age of 18, and were otherwise *sui juris.*

3.      During all times material hereto, Defendant, GANESH TRADING, is and was a Florida For-Profit Corporation operating and located in Broward County, Florida, within the jurisdiction of this Honorable Court.

4.      Defendant, GANESH TRADING, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

5.      During all times material hereto, Defendant, GANESH TRADING, supervised Plaintiff's work on a daily basis, set his schedule, and had the authority to hire and fire employees, including Plaintiff.

6.      During all times material hereto, Defendant, GANESH TRADING, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

7.      During all times material hereto, Defendant, FIESTA FOOD MARKET, is and was a Florida For Profit Corporation operating and located in Broward County, Florida, within the jurisdiction of this Honorable Court.

8.      Defendant, FIESTA FOOD MARKET, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9.      During all times material hereto, Defendant, FIESTA FOOD MARKET, supervised Plaintiff's work on a daily basis, set his schedule, and had the authority to hire and fire employees, including Plaintiff.

10.     During all times material hereto, Defendant, FIESTA FOOD MARKET, was vested with control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices as it pertained to Plaintiff.

11.     Upon information and belief, Defendant, ASIM, resided in Broward County, Florida during all times pertinent hereto.

12.     Defendant, ASIM, was an owner, director and corporate agent of Defendants during the relevant time period.

13.     During all times material hereto, Defendant, ASIM controlled the day-to-day operations of Defendants and oversaw the work performed by Plaintiff on behalf of Defendants, GANESH TRADING and FIESTA FOOD MARKET.

14.     During all times material hereto, Defendant, ASIM, had hiring and firing authority over Plaintiff on behalf of Defendants, GANESH TRADING and FIESTA FOOD MARKET.

15.     Defendant, ASIM, was Plaintiff's employer, as defined by 29 U.S.C. 203(d), during all times pertinent to the allegations herein.

16.     Defendants were Plaintiff's joint employer, as that term is defined by the FLSA and pertinent regulations, during all times material hereto.

## JURISDICTION AND VENUE

17.     All acts and/or omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

18.     Defendant ASIM operated GANESH TRADING and FIESTA FOOD MARKET within Broward County, Florida during all times material hereto.

19.     Defendants GANESH TRADING and FIESTA FOOD MARKET both have their principal location and operate out of 1249 W. Sunrise Blvd., Ft. Lauderdale, FL 33311, within Broward County, Florida. Therefore, jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

20.     Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

21.     Defendants own and jointly operate a food market and check cashing store located at 1249 W. Sunrise Blvd., Fort Lauderdale, FL 33311.

22.     Defendants hired Plaintiff, ELI as a non-exempt, hourly cashier in or around September 2019.

23.     During his employment period, Plaintiff ELI earned approximately $12 per hour.

24.     Plaintiff's job duties included, but were not limited to, assisting patrons to complete retail transactions, accepting payment on behalf of Defendants' customers for various goods and materials, accepting and remitting western union payments for Defendants' customers, cashing checks, stocking shelves, etc.

25.     During Plaintiff's employment period, Defendants failed to maintain any time keeping system to accurately track Plaintiff's work and pay Plaintiff in accordance with state and federal law.

26.     Plaintiff typically worked 5-7 days per week.

27.     Plaintiff's shifts typically lasted 12-hours.

28.     During all times material hereto, Defendants were aware or constructively aware of all work performed by Plaintiff.

29.     Defendants paid Plaintiff partly in cash and partly by checks.

30.     However, during one or more workweeks within the relevant time period, Defendants failed to pay Plaintiff overtime wages for his work performed in excess of 40 hours.

## FLSA COVERAGE

31.     Defendant, GANESH TRADING is covered under the FLSA through enterprise coverage, as GANESH TRADING was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, GANESH TRADING engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. GANESH TRADING's business and Plaintiff's work for GANESH TRADING affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

32.     During his employment with GANESH TRADING, Plaintiff and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: scissors, telephones, pens, notepads, computers, cellular telephones, order forms, eggs, milk, chocolate milk, coffee, Coke, Pepsi, Dr. Pepper, Tylenol, Advil, Benadryl, nail filers, nail clippers, bread, hotdogs, hamburgers, buns, dinner rolls, canned soup, canned meat, bud light, Budweiser, Corona beers, sierra Nevada beer, chewing gum, batteries, tobacco products, coolers, plastic gas cans, air fresheners, cleaning fluids, Redbull, monster drinks, mountain dew, Oreos, Hershey's chocolate bars, plastic silverware, orange juice, Gatorade, tea, pringles, credit cards, debit cards, cash, cheese its, checks, and other related items.

33.     GANESH TRADING also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods and materials handled by Plaintiff, thus making GANESH TRADING's business an enterprise covered by the FLSA.

34.     GANESH TRADING grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

35.     Defendant, FIESTA FOOD MARKET is also covered under the FLSA through enterprise coverage, as FIESTA FOOD MARKET was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, FIESTA FOOD MARKET engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. FIESTA FOOD MARKET's business and Plaintiff's work for FIESTA FOOD MARKET affected interstate commerce because the goods and materials that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

36.     During his employment with FIESTA FOOD MARKET, Plaintiff and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: scissors, telephones, pens, notepads, computers, cellular telephones, order forms, eggs, milk, chocolate milk, coffee, Coke, Pepsi, Dr. Pepper, Tylenol, Advil, Benadryl, nail filers, nail clippers, bread, hotdogs, hamburgers, buns, dinner rolls, canned soup, canned meat, bud light, Budweiser, Corona beers, sierra Nevada beer, chewing gum, batteries, tobacco products, coolers, plastic gas cans, air fresheners, cleaning fluids, Redbull, monster drinks, mountain dew, Oreos, Hershey's chocolate bars, plastic silverware, orange juice, Gatorade, tea, pringles, credit cards, debit cards, cash, cheese its, checks, and other related items.

37.     FIESTA FOOD MARKET also regularly employed two (2) or more employees for the relevant time period who handled the same or similar goods and materials handled by Plaintiff, thus making FIESTA FOOD MARKET's business an enterprise covered by the FLSA.

6

38.     FIESTA FOOD MARKET grossed or did business in excess of $500,000.00 in the years 2019, 2020, 2021 and 2022.

39.     During his employment with Defendants, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals; (iii) did not make any decisions of importance on behalf of Defendants; (iv) was paid on an hourly basis; and (v) was not required to possess any advanced training, skill, or prolonged education in order to perform any of his primary duties and responsibilities.

40.     During his employment period with Defendants, Plaintiff was regularly and recurrently involved in work directly related to the instrumentalities of interstate commerce, including but not limited to sending and receiving money from out of the state of Florida, making him individually covered under the FLSA.

41.     During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE ALLEGATIONS

42.     Defendants GANESH TRADING and FIESTA FOOD MARKET have the same principal address, mailing address and registered agent address located at of 1249 W. Sunrise Blvd., Ft. Lauderdale, FL 33311.

43.     Defendants GANESH TRADING and FIESTA FOOD MARKET are both registered owners of the fictitious business name "Fiesta Food Market," at the exact same location where Plaintiff worked during his employment periods.

44.     Upon information and belief, FIESTA FOOD MARKET owns the building where both FIESTA FOOD MARKET and GANESH TRADING operate their businesses.

45.     Moreover, FIESTA FOOD MARKET maintains operational control over GANESH TRADING's business operations at 1249 W. Sunrise Blvd., Ft. Lauderdale, FL 33311, where Plaintiff worked.

46.     During all times material hereto, Defendants FIESTA FOOD MARKET and GANESH TRADING, performed substantially related business activities, as these corporate entities focused their operations on owning and operating the Fiesta Food Market and Check Cashing store located at operations 1249 W. Sunrise Blvd., Ft. Lauderdale, FL 33311.

47.     During all times material hereto, Defendants, FIESTA FOOD MARKET and GANESH TRADING, used central management and/or common control, through ASIM and other shared managers, to effectuate their common business needs.

48.     Moreover, during all times material hereto, Defendants FIESTA FOOD MARKET and GANESH TRADING were engaged in offering substantially the same or similar services and goods to their customers and employees.

49.     Defendants FIESTA FOOD MARKET and GANESH TRADING also shared a common business purpose during all times material hereto.

50.     During all times material hereto, Defendants FIESTA FOOD MARKET and GANESH TRADING were controlled and operated by Defendant ASIM and other shared owners and managers.

51.     During times material hereto, Defendants FIESTA FOOD MARKET and GANESH TRADING shared employees and resources.

52.     During his employment period, Plaintiff was paid by both corporate Defendants.

53.     The gross revenue of Defendants FIESTA FOOD MARKET and GANESH TRADING was collectively in excess of $500,000.00 in, 2019, 2020, 2021 and is expected to collectively gross in excess of $500,000.00 in 2022.

54.     Defendants FIESTA FOOD MARKET and GANESH TRADING intermingle resources, finances, employees and supplies to provide services, goods and materials to their customers and employees.

## <u>COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207</u>

55.     Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 54 as though set forth fully herein.

56.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

57.     During one or more workweeks within the relevant time period, Plaintiff worked in excess of forty (40) hours without being compensated the appropriate overtime wages for some hours worked over forty (40).

58.     This resulted in a series of federal overtime wage violations.

59.     These federal overtime wage violations routinely occurred during Plaintiff's employment period and will continue to occur until Defendants are required to comply with federal law.

60.     Defendants knew or should have known that Plaintiff worked more than forty (40) hours in one or more workweeks.

61.     Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for some hours of work over forty (40) in one or more weeks of his employment.

62.     Plaintiff therefore claims the applicable federal overtime wage rate for all weekly hours worked over forty (40) during his employment period.

63.     Defendants willfully and intentionally refused to pay Plaintiff federal overtime wages as required by the FLSA, as Defendants knew or should have known of the FLSA's overtime wage requirements.

64.     Indeed, Defendants paid Plaintiff in cash and did not keep and maintain time records for Plaintiff in an attempt to hide any paper trail of their federal overtime wage violations.

65.     Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

WHEREFORE, Plaintiff, ELI MAHFOUD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, SHRI GANESH TRADING, INC., FIESTA FOOD MARKET INC. and ASIM C. ROY and award Plaintiff: (a) unliquidated damages to be paid by Defendants, jointly and severally; (b) liquidated damages to be paid by Defendants, jointly and severally; (c) reasonable attorney's fees and costs to be paid by Defendants, jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff, ELI MAHFOUD demands a trial by jury on all appropriate claims.

**Dated: July 20, 2022**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-**
**JORDAN RICHARDS, PLLC**
1800 SE 10th Ave, Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Jake@jordanrichardspllc.com
catherine@usaemploymentlawyers.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed via CM/ECF on July 20, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: